Christopher R. Kaup, State Bar No. 014820
J. Daryl Dorsey  State Bar No. 024237
**TB TIFFANY & BOSCO**
P.A.
Third Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; jdd@tblaw.com
*Attorneys for National Bank of Arizona*

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:**<br><br>**ROCK HARD DESIGNS, INC.,**<br><br>　　　　　　　　　　**Debtor.** | Chapter 11<br><br>Case No. 2:10-bk-00805-SSC<br><br>**NOTICE OF DEFAULT UNDER STIPULATED AGREEMENT DATED JUNE 11, 2010** |

**NOTICE IS HEREBY GIVEN** that Rock Hard Designs, Inc. (the "Debtor"), has defaulted under the terms provided in the *Second Stipulated Order Providing for Use of Cash Collateral and Adequate Protection of Secured Creditor's Lien and Stipulation Lifting Automatic Stay* (hereinafter referred to as the "Second Stipulated Agreement") as defined further below).

The Debtor has defaulted under the Second Stipulated Agreement by using a portion of National Bank of Arizona's ("National Bank") Cash Collateral to pay THM Consulting, LLC ("THM Consulting") the amount of $15,000.00 (one payment of $12,500.00 on May 10, 2010 and one payment of $2,500.00 on May 21, 2010). *See* attached Exhibit "A", Debtor's Monthly Operating Report for May 2010.  Said payments

were not approved by National Bank nor included in the Approved Budget lodged with the Second Stipulated Agreement[1].

Specifically, National Bank serves this Notice of Default averring that:

**1.** On or about May 18, 2010, the Debtor and National Bank executed the Second Stipulated Agreement providing for use of cash collateral and adequate protection of Secured Creditor's Lien and a Stipulation to Lift the Automatic Stay upon an Event of Default.

**2.** On June 11, 2010, the Court signed the Order approving the Second Stipulated Agreement and the Order was entered on June 14, 2010 (Docket No. 60).

**3.** Debtor's Custom Transaction Detail Report attached to the Monthly Operating Report ("MOR")[2] indicates that the Debtor made two payments to THM Consulting in the amounts of $12,500.00 and $2,500.00 on May 10, 2010 and May 21, 2010, respectively.

**4.** These payments were not approved by National Bank and not provided for in the Approved Budget attached as Exhibit "2" to the Second Stipulated Agreement.

**5.** Accordingly, Debtor has defaulted on the terms of the Stipulated Agreement by:

    a. Using National Bank's Cash Collateral to paying $12,500 to THM Consulting without approval from National Bank in violation of Paragraph F.1(d) of the Second Stipulated Agreement;

---

[1] In addition, such payments were made without Court approval of the retention of THM Consulting in violation of sections 330 and 331 of the Code.
[2] These pages are unnumbered in the MOR but appear to be pages 16 and 17.

b. Using National Bank's Cash Collateral to paying $2,500 to THM Consulting without approval from National Bank in violation of Paragraph F.1(d) of Section IV of the Second Stipulated Agreement.

**6.** By paying the total of $15,000 to THM Consulting without approval from National Bank, Debtor has violated the foregoing terms of the Stipulated Agreement.

**7.** **NOTICE IS HEREBY FURTHER GIVEN** that under Paragraph G of Section IV of the Second Stipulated Agreement, Debtor has five (5) days after the date of service of the Notice of that Event of Default, to cure such default in accordance with the terms of the Second Stipulated Order.

**7.** **NOTICE IS FURTHER GIVEN** that if Debtor fails to cure the Default within the 5 days:

a. National Bank's consent regarding Debtor's use of the Cash Collateral pursuant to this Stipulated Order shall be terminated without further notice;

b. Debtor shall not use any Cash Collateral for any purpose without further order of the Court;

c. Debtor shall hold and segregate all Cash Collateral in trust for National Bank and Debtor shall pay to Lender all such Cash Collateral, except as otherwise ordered by the Court;

d. NBA, in its discretion, shall be permitted to exercise any and all of its state laws and contractual rights and remedies with respect to the Property, including the right to foreclose under the terms of the Loan Documents, against the Real Property through a trustee's sale conducted pursuant to Arizona law.

///

///

1 | DATED this 22nd day of June, 2010.

**TIFFANY & BOSCO, P.A.**

By:/s/ J. Daryl Dorsey, #024237
    Christopher R. Kaup, Esq.
    J. Daryl Dorsey, Esq.
    Third Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016-4237
    *Attorneys for National Bank of Arizona*

**FOREGOING** electronically filed with the Clerk of United States Bankruptcy Court this 22nd day of June, 2010, and a copy to be mailed on the 23rd of June, 2010 to:

Rock Hard Designs, Inc.
5326 West Mohave Street
Phoenix, AZ 85043
*Debtor*

Barbara Lee Caldwell, Esq.
AIKEN, SCHENK, HAWKINS & RICCIARDI, P.C.
4742 North 24th Street, Suite 100
Phoenix, AZ 85016-4859
*Attorneys for Maricopa County*

Lyndon B. Steimel, Esq.
LAW OFFICE OF LYNDON B. STEIMEL
14614 North Kierland Boulevard, Suite B-135
Scottsdale, AZ 85254
*Attorneys for Debtor*

U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite 204
Phoenix, AZ 85003
*U.S. Trustee*

/s/ Lauri Andrisani