1  Christopher R. Kaup, State Bar No. 014820
2  J. Daryl Dorsey  State Bar No. 024237
   **TB TIFFANY & BOSCO** P.A.
3  Third Floor, Camelback Esplanade II
   2525 East Camelback Road
4  Phoenix, Arizona 85016-4237
5  Telephone: (602) 255-6000
   Facsimile: (602) 255-0103
6  E-Mail: crk@tblaw.com; jdd@tblaw.com
   *Attorneys for National Bank of Arizona*

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:**<br><br>**ROCK HARD DESIGNS, INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 2:10-bk-00805-SSC<br><br>**SUPPLEMENTAL NOTICE OF DEFAULT UNDER STIPULATED AGREEMENT EXECUTED JUNE 11, 2010** |

**THIS SUPPLEMENTAL NOTICE IS HEREBY GIVEN** to identify additional provisions under the *Second Stipulated Order Providing for Use of Cash Collateral and Adequate Protection of Secured Creditor's Lien and Stipulation Lifting Automatic Stay* (hereinafter referred to as the "Second Stipulated Agreement"), by which the Debtor defaulted, in support of the Notice of Default ("Notice") entered on June 22, 2010 (Docket No. 66).

The Debtor defaulted under Section I(E) of the Second Stipulated Agreement. That provision provides, in pertinent part:

> Debtor agrees that the income from collection of prepetition accounts receivable, rents, the funds in its accounts and all other income and monies in its possession or to which it is entitled or may become entitled is the cash

collateral of NBA within the meaning of 11 U.S.C. §363(a) ("Cash Collateral") and, thus, are subject to the restriction of 11 U.S.C. § 363(c).

Payments totaling $15,000.00 (one payment of $12,500 and one payment of $2,500) to THM Consulting, LLC ("THM Consulting") were made without consent of National Bank of Arizona ("National Bank" or "NBA") in violation of the Second Stipulated Order and section 363(c) of the Code.

The Debtor defaulted under Section I(G) of the Second Stipulated Agreement. That provision provides, in part:

> Debtor and NBA have entered into this Second Stipulated Order to… (iii) provide a means for accountability of cash collateral receipt and expenditure; (iv) adequately protect NBA from the diminution of its interest in the Cash Collateral;….

The payments to THM Consulting fail to protect National Bank from the diminution of its interest in Cash Collateral, especially as the payments were not contemplated during negotiations for the Second Stipulated Agreement which occurred earlier than May 18, 2010, the date the parties executed the Second Stipulated Agreement.

The Debtor also defaulted under Section I(H) of the Second Stipulated Agreement. That provision provides:

> NBA is willing to permit Debtor's limited use of the Cash Collateral pursuant to the "Approved Budget" for the current period (as hereinafter defined), for the sole and limited purpose of operating, preserving and maintaining the Real Property (including the payments to NBA as provided in this Order) and for no other purposes during the term of this Order. NBA is consenting to Debtor's use of Cash Collateral in good faith and the parties hereto have negotiated and are agreeing to this Order in good faith, represented by separate counsel of their choice and at arms length as required by Section 363 of the Bankruptcy Code.

Debtor made the payments to THM Consulting without approval of National Bank. Upon National Bank's belief, the payments are not for preserving and maintaining the Real Property. Moreover, there were no negotiations regarding payments to THM Consulting and, therefore, the payments were outside the scope of the agreement of the parties.

The Debtor also defaulted under Section I(I) of the Second Stipulated Agreement. That provision provides:

> Other than the income generated from the Real Property, Debtor's accounts receivables and the operation of Debtor's business, as of the Petition Date, Debtor had no available funds from which to satisfy all ordinary costs and expenses of operating, preserving and maintaining the Real Property. In order to continue to operate its business, including the Real Property, Debtor has sought NBA's consent to use the Cash Collateral for the payment of ordinary and necessary monthly operating expenses for the Real Property.

In addition, the Debtor defaulted under Section II(C)(5) of the Second Stipulated Agreement which limits the Debtor's use of the Cash Collateral. Section II (C) provides, in part:

> NBA hereby consents to the use of its Cash Collateral under the following conditions:
>
> 5.  Unless otherwise ordered by the Court or agreed to by NBA in writing, Debtor shall not use any Cash Collateral…(ii) for the payment of any debts or obligations of Debtor which are not directly related to the maintenance and operation of the Debtor's business and the Real Property….

There is nothing in the record supporting a finding that the payments to THM Consulting were for ordinary and necessary monthly operating expenses for the Real Property. Thus, Debtor violated the foregoing sections by making the payments to THM Consulting.

The Debtor defaulted under Section III(A)(5) of the Second Stipulated Agreement. That provision provides:

> 5. uses any portion of the Cash Collateral or makes any payments for purposes other than as set forth in the Approved Budget.

The Approved Budget attached to the Second Stipulated Agreement does not provide for any payments to THM Consulting. Therefore, the Debtor violated the foregoing provision of the Second Stipulated Agreement.

This Supplemental Notice shall not be construed to change or extend the date by which Debtor must cure the Default as provided in the Notice.

DATED this 24th day of June, 2010.

                     **TIFFANY & BOSCO, P.A.**

                     By:/s/ J. Daryl Dorsey, #024237
                            Christopher R. Kaup, Esq.
                            J. Daryl Dorsey, Esq.
                            Third Floor Camelback Esplanade II
                            2525 East Camelback Road
                            Phoenix, Arizona 85016-4237
                            *Attorneys for National Bank of Arizona*

**FOREGOING** electronically filed with the Clerk of United States Bankruptcy Court this 24th day of June, 2010, and a copy to be mailed on the 24th of June, 2010 to:

Rock Hard Designs, Inc.
5326 West Mohave Street
Phoenix, AZ 85043
*Debtor*

| | |
|---|---|
| 1 | Barbara Lee Caldwell, Esq. |
| | AIKEN, SCHENK, HAWKINS & RICCIARDI, P.C. |
| 2 | 4742 North 24th Street, Suite 100 |
| 3 | Phoenix, AZ  85016-4859 |
| | *Attorneys for Maricopa County* |
| 4 | |
| | Lyndon B. Steimel, Esq. |
| 5 | LAW OFFICE OF LYNDON B. STEIMEL |
| 6 | 14614 North Kierland Boulevard, Suite B-135 |
| | Scottsdale, AZ  85254 |
| 7 | *Attorneys for Debtor* |
| 8 | U.S. Trustee |
| | OFFICE OF THE U.S. TRUSTEE |
| 9 | 230 North First Avenue, Suite 204 |
| 10 | Phoenix, AZ  85003 |
| | *U.S. Trustee* |
| 11 | |
| 12 | /s/ Louis A. Lofredo |

435068/8139-029

-5-